IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ANDROUS HALL                                                                                      PETITIONER

v.                                              NO. 5:06CV00063 HDY

LARRY NORRIS, Director of the                                                          RESPONDENT
Arkansas Department of Correction

MEMORANDUM OPINION AND ORDER

STATE COURT PROCEEDINGS. On June 25, 1997, a Phillips County, Arkansas, Circuit Court jury convicted petitioner Androus Hall ("Hall") of one count of attempted rape, one count of battery in the first degree, and one count of aggravated robbery. He was sentenced for the offenses to a period of incarceration in the custody of respondent Larry Norris ("Norris"). Hall was specifically sentenced as follows:

> "[Hall], a habitual offender, was fined $15,000 and sentenced to 25 years on the attempted rape charge; fined $15,000 and sentenced to 15 years on the battery in the first degree charge; and sentenced to 33 years in the Arkansas Department of Correction on the aggravated robbery charge. The sentences for aggravated robbery and attempted rape were ordered to run consecutively."

See Hall v. State, 1998 WL 811452 at 1 (Ark. App. 1998).

Hall appealed his conviction to the Arkansas Court of Appeals. He maintained on appeal that "the trial [judge] erred in denying [a] motion to dismiss for overlapping and duplication of charges and in denying ... a directed verdict based on the lack of substantial evidence to identify [Hall]." See Hall v. State, 1998 WL 811452 at 1 (Ark. App. 1998). The state Court of Appeals affirmed Hall's conviction without addressing the merits of his appeal. The state Court of Appeals did so because Hall's abstract on appeal was "flagrantly deficient." See Id.

Hall next filed a trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.[1] He maintained in his petition that his appellate attorney was ineffective because he failed to properly prosecute the direct appeal. On April 18, 2000, Hall filed a petition for writ of mandamus with the Arkansas Supreme Court. He maintained in that submission that the trial judge had failed to address the petition for post-conviction relief within a reasonable time. On September 26, 2002, the state Supreme Court took the unusual step of granting Hall's petition for writ of mandamus. The state Supreme Court ordered the trial judge to address "Hall's Rule 37 pleadings within seven days ..." See Hall v. Simes, 350 Ark. 194, 85 S.W.3d 509, 511 (2002).

---

[1] There is much confusion as to when Hall actually filed his petition for post-conviction relief. In Hall v. Simes, 350 Ark. 194, 85 S.W.3d 509 (2002), the Arkansas Supreme Court appears to note that the petition was filed on December 11, 1998. It appears to be Hall's position that he filed the petition on December 21, 1998. The state Supreme Court found, however, that "the only petitions in the record were filed on April 7, 1999, and December 16, 1999. While the April 7, 1999, Rule 37.1 petition is labeled, 'amended Rule 37 petition and supplemental pleading,' there is no December 21, 1998, petition in the record." See Hall v. State, 2003 WL 22311240 at 1 (Ark.S.Ct. 2003). The Court will not attempt to resolve this confusion.

On October 1, 2002, Phillips County, Arkansas, Circuit Court Judge Harvey Yates denied Hall's petition for post-conviction relief "on the ground that [it] was not timely filed." See Hall v. State, 2003 WL 22311240 at 1 (Ark.S.Ct. 2003). On October 3, 2002, Phillips County, Arkansas, Circuit Court Judge L.T. Simes entered a second order denying all of Hall's amended and/or supplemental petitions.[2] Hall did not thereafter prosecute a timely appeal of the denial of his petition(s).

On May 13, 2003, Hall filed a motion for belated appeal with the state Supreme Court. On October 9, 2003, the state Supreme Court denied his motion. The state Supreme Court provided the following justification for denying the motion:

> The petition in the trial court was not timely filed; and, as a result, [Hall] was procedurally barred from proceeding with a petition for postconviction relief. Criminal Procedure Rule 37.2(c) provides that all grounds for postconviction relief must be raised in a petition under the rule filed within sixty days of the date the mandate was issued following affirmance of the judgment. The record in this matter does not reflect that [Hall] filed his petition challenging the judgment within this sixty-day period.
>
> [Hall] states in his motion for belated appeal that he filed the Rule 37.1 petition on December 21, 1998, but the only petitions in the record were filed on April 7, 1999, and December 16, 1999. While the April 7, 1999, Rule 37.1 petition is labeled, "amended Rule 37 petition and supplemental pleading," there is no December 21, 1998, petition in the record. The burden is on the petitioner to produce a record supporting the claims in the motion for belated appeal. [Citation omitted].

---

[2] It also appears that Judge Simes caused his order to be entered because Judge Yates' order may have been entered on the docket before the mandate from the state Supreme Court was entered on the circuit court docket.

> The time limitations imposed in our postconviction rule are jurisdictional in nature, and the circuit court may not grant relief on a untimely postconviction petition. [Citation omitted]. [Hall] has not demonstrated that he filed a timely petition, and thus has failed to show that he could prevail if permitted to proceed with an appeal.

See Hall v. State, 2003 WL 22311240 at 1 (Ark.S.Ct. 2003).

On June 24, 2004, Hall filed a trial court petition for state habeas corpus relief. On October 29, 2004, Judge Yates denied Hall's petition.

Hall appealed the denial of his trial court petition for state habeas corpus relief. During the course of his appeal, he filed an appellate court motion for extension of time within which to submit a brief. On May 19, 2005, the state Supreme Court used the occasion of denying his motion to also dismiss his appeal. See Hall v. Norris, 2005 WL 1177961 (Ark.S.Ct. 2005).[3]

---

[3]

The state Supreme Court opined as follows:

> [Hall] has not plead facial invalidity or lack of jurisdiction. He has alleged in his habeas petition only that he was entitled to relief on the grounds that the evidence against him was insufficient in that the state failed to prove the elements of the crimes charged, that there was prosecutorial and judicial misconduct, and that he was provided ineffective assistance of counsel. [His] claims are not sufficient to show that the commitment was facially invalid or that the trial court lacked jurisdiction, and should have been raised in a petition for postconviction relief under Ark. R.Crim. P. 37.1. A habeas corpus proceeding does not afford a prisoner an opportunity to retry his case, and is not a substitute for direct appeal or postconviction relief. [Citation omitted]. The court did not err in declining to issue a writ of habeas corpus.

See Hall v. Norris, 2005 WL 1177961 at 1.

FEDERAL COURT PROCEEDINGS. On March 17, 2006, Hall commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. He advanced three claims for relief in his petition; they were as follows: (1) the out-of-court identification violated his right to due process as there existed a very substantial likelihood of misidentification; (2) "counsel's performance on direct appeal violated [Hall's] right to effective assistance of counsel as it so undermined the proper functioning of the adversarial process that the trial and appeal therefrom can not be relied on as having produced a just result," see Document 3 at 16; and (3) the trial judge erred in denying a motion to dismiss for overlapping and duplication of charges. Norris submitted a response to the petition in which he maintained, inter alia, that the petition should be dismissed because "all of [Hall's] claims [are] barred from review under the doctrine of procedural default." See Document 8 at 5-6.[4] The Court conducted a brief review of the pleadings in the record and determined that Hall should be notified of the reason for dismissal advanced by Norris. Hall was notified and invited to submit a reply to Norris' response. Hall accepted the invitation by filing a reply to Norris' response.

The Court has had an opportunity to fully examine the parties' submissions. In light of that examination, the Court makes the following disposition of this proceeding.

---

[4] Norris also maintained that the petition was barred by limitations. The Court will not consider that reason for dismissal.

PROCEDURAL BAR. In Wainwright v. Sykes, 433 U.S. 72 (1977), the United States Supreme Court determined that a federal court should not consider the merits of a petitioner's habeas corpus claim if he procedurally defaulted in litigating the claim in state court, that is, if he was aware of the claim but failed to present it to the state court in accordance with the procedural rules established by the state. See also Gilmore v. Armontrout, 861 F.2d 1061 (8th Cir. 1988), cert. denied, 490 U.S. 1114 (1989). The foregoing includes the requirement that a petitioner must prosecute an appeal of any adverse ruling to the highest court in the state. See O'Rourke v. Endell, 153 F.3d 560 (8th Cir. 1998); Williamson v. Jones, 936 F.2d 1000 (8th Cir. 1991). The exception to this rule permits the claim to be considered if he can show cause and resulting prejudice.

As the Court noted above, Hall advances three claims in his petition: a challenge to an identification ("claim one"), a challenge to his appellate attorney's representation ("claim two"), and a challenge to the trial judge's refusal to grant a motion to dismiss ("claim three"). For purposes of this Memorandum Opinion and Order, the Court finds that Hall raised claims one and three in his direct appeal. He failed, however, to obtain an appellate court ruling on the claims. The state Court of Appeals affirmed his conviction without addressing the merits of the claims because his abstract on appeal was flagrantly deficient. The Court finds that he failed to properly present claims one and three to the state Court of Appeals in accordance with the procedural rules established by the State of Arkansas and therefore procedurally defaulted the claims.

For purposes of this Memorandum Opinion and Order, the Court finds that Hall raised claim two in one of his petitions for post-conviction relief.  Did he obtain a trial court ruling on the claim?  In attempting to answer that question, the Court has examined the orders authored by Judge Yates and by Judge Simes.  See Document 3, Exhibits J and K.  Despite the construction given Judge Yates' order by the state Court of Appeals, i.e., "On October 1, 2002, Judge ... Yates entered an order denying relief on the ground that the petition was not timely filed," see Hall v. State, 2003 WL 22311240 at 1, the order appears to make no mention of the basis for denying Hall's petition(s).  The order simply provides that the petition(s) was/were dismissed.  Judge Simes' order, although longer, provides likewise.  Given the foregoing confusion, the Court finds for purposes of this Memorandum Opinion and Order that Hall obtained a trial court ruling on claim two.  He failed, however, to prosecute a timely appeal of the denial of his petition(s).  In fact, he did nothing for approximately seven months.  It was not until May 13, 2003, that he filed a motion for belated appeal with the state Supreme Court.  His motion was subsequently denied by the state Supreme Court because he could not "demonstrate that he filed a timely petition, and thus ... failed to show that he could prevail if permitted to proceed with an appeal."  See Hall v. State, 2003 WL 22311240 at 1.  The Court finds that he failed to properly present claim two to the state Supreme Court in accordance with the procedural rules established by the State of Arkansas and therefore procedurally defaulted the claim.

Having found that Hall procedurally defaulted claims one, two, and three, the question becomes whether he can show cause for his procedural default. With respect to cause, the United States Supreme Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." See Smith v. Murray, 477 U.S. 527, 533-34 (1986). One can discern from other decisions, though, instances in which cause might be found: where some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rules, see Murray v. Carrier, 477 U.S. 478 (1986); where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, see Reed v. Ross, 468 U.S. 1 (1984); or, if effective assistance of counsel was not afforded, see Murray v. Carrier, 477 U.S. at 488. There is also one extraordinary circumstance where a federal court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Id. at 496.

The Court has examined Hall's pleadings for an assertion of cause. His reply is devoted almost entirely to the events surrounding his efforts to obtain a trial court ruling on his petition(s) for post-conviction relief. At first blush, those events could be viewed as an objective factor external to the defense that impeded his efforts to comply with the procedural rules. Upon closer examination, though, the events did not impact his ability to appeal the adverse ruling on his petition(s). He could have timely appealed the adverse ruling, but he failed to do so. Thus, the events cannot serve as cause.

Liberally construing Hall's pro se submissions, it is possible that he is advancing his appellate attorney's ineffectiveness as cause. Although ineffective assistance of counsel can serve as cause, the assertion cannot be used as cause unless the assertion is first presented to the state courts as an independent claim. See Murray v. Carrier, supra. See also Clemons v. Luebbers, 381 F.3d 744 (8th Cir. 2004); Reynolds v. Caspari, 974 F.2d 946 (8th Cir. 1992). Although Hall raised claim two in one of his petitions for post-conviction relief, he did not appeal the denial of his petition(s) and thus failed to properly present the claim to the state Supreme Court in accordance with the procedural rules established by the State of Arkansas. He cannot now use the claim as cause.

Given the foregoing, the Court finds that Hall procedurally defaulted in litigating claims one, two, and three. The Court also finds that he has failed to show cause for his procedural default. The claims are therefore barred from federal court review.

CONCLUSION. Because all three of Hall's claims are barred from federal court review, his petition for writ of habeas corpus must be, and is, denied and dismissed. Judgment will be entered for Norris. All requested relief is denied.

IT IS SO ORDERED this __12__ day of June, 2006.

*H. Daniel Young*

_____
UNITED STATES MAGISTRATE JUDGE